BYE, Circuit Judge,
concurring.
I concur with the majority as to the facts as alleged by Ms. Wright, if proven true,' could support a claim for sexual harassment, but not a claim for constructive discharge. I write separately in regards to section III.D.2 of the opinion, which discusses the clearly established prong of the qualified immunity inquiry. The majority declares “[t]he right to be free of gender discrimination is clearly established.” This hasty resolution of the clearly established prong ignores the Supreme Court’s pronouncements in Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) and Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). It is now well-settled the clearly established analysis “must be undertaken in light of the specific context of the case, not as a broad general proposition.” Tuggle v. Mangan, 348 F.3d 714, 720 (8th Cir.2003) (quoting Saucier, 533 U.S. at 201, 121 S.Ct. 2151). Although we do not require a precise factual analog to precedent, in light of pre-existing law the unlawfulness of specific conduct must be apparent to a reasonably competent official. Anderson, 483 U.S. at 640, 107 S.Ct. 3034; Saucier, 533 U.S. at 202, 121 S.Ct. 2151. The importance of this particularized inquiry cannot be discounted because it is the teeth of the qualified immunity defense. Without these teeth, the defense lacks the bite essential in promoting the compelling public policy objectives underlying it. See Harlow v. Fitzgerald, 457 U.S. 800, 814, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (discussing the societal costs associated with litigation against public officials).
In other words, because of the societal costs associated with litigation against public officials, id., we hold our officials individually liable only for transgressing bright constitutional lines. Crow v. Montgomery, 403 F.3d 598, 602 (8th Cir.2005) (citing Davis v. Hall, 375 F.3d 703, 712 (8th Cir.2004)). Interestingly, in the hostile work environment context we have stated, “[tjhere is no bright line between sexual harassment and merely unpleasant conduct .... ” Henthorn v. Capitol Communications, Inc., 359 F.3d 1021, 1026 (8th Cir.2004) (quoting Hathaway v. Runyon, 132 F.3d 1214, 1221 (8th Cir.1997)). This statement, though telling of the difficulty we face in analyzing hostile work environment cases, must not be taken literally because our case law clearly establishes at least two lines bright enough for officials such as Sheriff Sims to take notice.
Our case law, for instance, suggests a person engaged in repetitive offensive touching in combination with pervasive *888 sexual innuendo has clearly crossed the line. Henthorn, 359 F.3d at 1027 n. 3 (“[W]e have found to be actionable conduct that involved pervasive sexual innuendo and repetitive offensive touching.”); Baker v. John Morrell & Co., 382 F.3d 816, 828 (8th Cir.2004) (same); Eich v. Bd. of Regents, 350 F.3d 752, 755-56 (8th Cir.2003) (en banc) (finding conduct sufficiently severe where the victim was frequently touched in numerous suggestive ways and subjected to simulated sex acts); Beard v. Flying J., Inc., 266 F.3d 792, 797 (8th Cir.2001) (affirming judgment for plaintiff where another employee frequently brushed, rubbed and flicked plaintiffs breasts and pointed to his crotch); Henderson v. Simmons Foods, Inc., 217 F.3d 612, 616-17 (8th Cir.2000) (upholding a jury verdict where plaintiff was subjected to physical touching, obscene hand gestures, and a verbal barrage of crude sexual vulgarities); Bailey v. Runyon, 167 F.3d 466, 469 (8th Cir.1999) (upholding a jury verdict where male co-worker grabbed plaintiffs crotch and requested opportunity to perform oral sex on plaintiff three or four times a week); Howard v. Burns Bros. Inc., 149 F.3d 835, 840 (8th Cir.1998) (upholding a jury verdict where the victim was subjected to chronic sexual innuendo and unwanted physical contact); Hathaway, 132 F.3d at 1217-18 (upholding a jury verdict where the plaintiff was subject to offensive physical contact and constant snickering and guttural noises from her coworkers); Hall v. Gus Const. Co., 842 F.2d 1010, 1012-14 (8th Cir.1988) (finding unwanted physical contact, repeated requests to engage in sexual acts and continuous verbal abuse sufficiently severe or pervasive as a matter of law). Thus, based upon our case law, it would be apparent to a reasonable official by engaging in repetitive offensive touching along with pervasive sexual innuendo does cross the boundary between merely offensive conduct and actionable sexual harassment.
Ms. Wright complains of no repetitive offensive touching, but, as the majority points out, the boundary is not drawn at repetitive offensive touching. A harasser may cross the line without frequently physically assaulting the victim. See Burns v. McGregor Elec. Indus., Inc., 989 F.2d 959, 964 (8th Cir.1993) (“Sexual harassment can take place in many different ways.”). The line between merely offensive conduct and sexual harassment may be crossed, even without physical contact, where a person engages in pervasive sexual innuendo. See Breeding v. Arthur J. Gallagher & Co., 164 F.3d 1151, 1159 (8th Cir.1999) (finding a situation where an employee’s supervisor continuously fondled his genitals in front of her and used lewd and sexually inappropriate language to be sufficient as a matter of law to constitute sexual harassment). Our case law clearly establishes sexual innuendo or discriminatory conduct is pervasive or abusive when it is both frequent and severe. See id.; see also Harris v. Forklift Sys., Inc., 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (listing the circumstances to be considered in determining whether an environment is hostile or abusive, including: the frequency and severity of the discriminatory conduct; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee’s work performance).
That is not to say our case law is a model of clarity in the absence of frequent and severe discriminatory conduct. In fact, the line between merely offensive conduct and actionable sexual harassment is blurred where the harassment, though *889 severe, occurs relatively infrequently,[1] or where the complained of conduct, though frequent, is relatively innocuous.[2] But the conduct at issue here is neither infrequent nor innocuous. Thus, if Ms. Wright’s allegations turn out to be true, Sheriff Sims’s conduct falls within the realm of frequent and severe sexual innuendo and outside the protection of the qualified immunity defense.

. See LeGrand v. Area Res. for Cmty. & Human Servs., 394 F.3d 1098, 1100-03 (8th Cir.2005) (finding severe, but infrequent conduct insufficient as a matter of law to support a claim for hostile work environment); Duncan v. GMC, 300 F.3d 928, 931-34 (8th Cir.2002) (en banc) (same).

. Compare Ottman v. City of Independence, 341 F.3d 751, 760 (8th Cir.2003) (frequent, but relatively innocuous conduct not enough); Henthorn, 359 F.3d at 1028 (same); Tuggle, 348 F.3d at 714, 721-22 (same); Alagna v. Smithville R-II Sch. Dist., 324 F.3d, 975, 977-78, 980 (8th Cir.2003) (same); Scusa v. Nestle U.S.A. Co., Inc., 181 F.3d 958, 961, 967 (8th Cir.1999) (same); with Bales v. Wal-Mart Stores, Inc., 143 F.3d 1103, 1106-09 (8th Cir.1998) (frequent, relatively innocuous conduct sufficient); Williams v. City of Kansas City, 223 F.3d 749, 753 (8th Cir.2000) (same); Smith v. St. Louis Univ., 109 F.3d 1261, 1264-65 (8th Cir.1997) (same).